UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANICE BUCKLEY,

    Plaintiff,[1]

v.

RONALD FARLEY JR., KIM CORBIN, and HON. MONIQUE A. SHARPE,

    Defendants.

Case No. 25-13077
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1]**

Chanice Buckley filed this *pro se* "emergency verified complaint for declaratory and injunctive relief under 42 U.S.C. § 1983" seemingly in response to an eviction order entered against her in Detroit's 36th District Court but allegedly stayed by the Wayne County Circuit Court. (ECF No. 1.) She sues Ronald Farley Jr., attorney Kim Corbin, and Judge Monique A. Sharpe for their allegedly unconstitutional actions in connection with the state court eviction proceedings. (*Id.* at PageID.1–4.) Along with her complaint, Buckley filed an application to proceed without prepayment of fees and costs. (ECF No. 2.) For the reasons below, the Court grants Buckley's application to proceed without prepaying fees and summarily dismisses her complaint.

---

[1] Plaintiff's complaint suggests that she might be suing on behalf of other "unnamed occupants," but she provides no allegations about them and so the Court has not considered them.

## I.

Along with her complaint, Buckley filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) In this application, Buckley alleges that she has no income, savings, or assets. (*Id.*) Thus, the Court finds that she has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1), and grants her application to proceed without prepayment of the filing fee.

As a result, the Court now has an additional responsibility under 28 U.S.C. § 1915: it must screen Buckley's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.

The Court begins, as it must with jurisdiction. Federal courts have an obligation to confirm that they have subject matter jurisdiction over each case pending before them—and, if subject matter jurisdiction is absent, to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at

any stage in the litigation, even after trial and the entry of judgment." (citing Fed. R. Civ. P. 12(b)(1))).

And the *Rooker-Feldman* doctrine implicates the Court's subject matter jurisdiction. This doctrine prohibits federal district courts from performing appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that "Congress ha[s] empowered only [the Supreme] Court," not district courts, "to exercise appellate authority 'to reverse or modify' a state-court judgment" (quoting *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923)); *see also In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). In other words, this Court "do[es] not possess direct oversight powers over Michigan's courts." *Adkins v. Adkins*, No. 15-13823, 2015 WL 6736187, at *2 (E.D. Mich. Nov. 4, 2015) (citing *In re Cook*, 551 F.3d at 548); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) ("The *Rooker-Feldman* doctrine has evolved from two Supreme Court cases which establish that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings.'") (citation omitted).

The *Rooker-Feldman* doctrine applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Exxon Mobil*, 544 U.S. at 284). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Larry E. Parrish. P.C.*

3

*v. Bennett*, 989 F.3d 452, 456 (6th Cir. 2021). And to identify the source of the plaintiff's injury, "a court must look to the requested relief." *Id.*

Thus, to the extent Buckley is asking this Court to somehow alter or modify the "signed . . . order of eviction" (ECF No. 1, PageID.2) entered in state court, *Rooker-Feldman* bars this Court from addressing that claim (*see id.* at PageID.4–5 (requesting that this Court "[i]ssue a preliminary and permanent injunction restraining enforcement of the writ of eviction" and "[e]nforce the Third Circuit's Order Granting Automatic Stay").) Since this Court lacks jurisdiction to grant that relief, this is a matter appropriately left for appeal in the state courts.

### III.

To the extent Buckley is alleging constitutional violations related to the conduct of the state court proceedings, rather than challenging the judgment itself, the Court may address her claims. *See, e.g.*, *Muhammad v. Paruk*, 553 F. Supp. 2d 893, 897 (E.D. Mich. 2008); *see also VanderKodde*, 951 F.3d at 409 (Sutton, J., concurring) ("Absent a claim seeking review of a final state court judgment, a federal court tempted to dismiss a case under *Rooker-Feldman* should do one thing: Stop.").

The Court liberally construes Buckley's complaint to be asserting claims under 42 U.S.C. § 1983 for declaratory judgment, injunctive relief, and money damages. (*See, e.g.*, ECF No. 1, PageID.5 (requesting that the Court "[d]eclare that Defendants' conduct violated Plaintiff's constitutional rights under 42 U.S.C. § 1983," "[i]ssue a preliminary and permanent injunction restraining enforcement of the writ of eviction," and "[a]ward costs and any other relief this Court deems just and

4

equitable").) Under § 1983, an individual can bring suit for a violation of federal constitutional rights if she shows (1) she was deprived of a right secured by the federal Constitution and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Buckley fails to allege sufficient facts to satisfy prong (2)— § 1983's state actor requirement.

The essence of Buckley's lawsuit appears to be that state judge Sharpe, lawyer Corbin, and third-party Farley worked to have her wrongly evicted in retaliation for a complaint Buckley filed with the Judicial Tenure Commission. (ECF No. 1, PageID.3–4.) Yet there are no allegations as to what Farley did and whether and how he and Corbin even knew about a Judicial Tenure Commission complaint. Nonetheless, Buckley cannot state a claim against Farley Jr. or Corbin because, as she acknowledges, they are private citizens. (*Id.* at PageID.1 (referring to Farley Jr. as "a private individual" and Corbin as "a licensed Michigan attorney").) And nothing in Buckley's complaint suggests that their private conduct is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) ("[M]ost rights secured by the Constitution are protected only against infringement by governments."); *see also Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020) ("Only claims against 'state actors' are eligible for relief under [§ 1983]."); *Bowman v. Merkley*, No. 23-5638, 2023 WL 9186333, at *1 (6th Cir. Dec. 26, 2023) ("A private entity may be deemed to be a state actor 'under discrete circumstances . . . .'" (quoting *Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018))); *Lugar*, 457

U.S. at 935 & n.18 (explaining that conduct that constitutes "state action" for purposes of the Fourteenth Amendment also constitutes "action under color of state law" for purposes of § 1983).

Simply asserting that these defendants "acted jointly with state actors" (ECF No. 1, PageID.1) does not transform their conduct into action under color of state law. S*ee, e.g.*, *Jenkins v. Turner*, No. 14-14348, 2014 U.S. Dist. LEXIS 164148, at *3 (E.D. Mich. Nov. 24, 2014) ("Private landlords are not considered state actors and thus cannot be liable for damages under § 1983." (citing *Hill v. Langer*, 86 F. App'x 163, 164–67 (6th Cir. 2004))). Nor is it enough for Buckley to allege, without any facts, that the parties undertook a "coordinated abuse of judicial process." (ECF No. 1, PageID.4.) Allegedly using the judicial system to accomplish misconduct does not constitute action taken under color of state law. S*ee Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001) (explaining that "acting under color of state law" for purposes of § 1983 means that a defendant "exercised the power 'possessed by virtue of state law and made possible *only because* the wrongdoer is clothed with the authority of state law'") (emphasis added).

So neither Farley Jr. nor Corbin is susceptible to suit under § 1983. And because a civil conspiracy claim under § 1983 cannot survive without an actionable constitutional violation, Buckley's conspiracy claim (ECF No. 1, PageID.4 (count VI)) must be dismissed as well. *See, e.g.*, *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) ("A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury."); *see also Redding*, 241

6

F.3d at 533–34 (affirming dismissal of § 1983 claims against private citizen where plaintiff "present[ed] no evidence of any agreement, tacit or otherwise," between private citizen defendant and state actor).

Nor can Buckley state a claim as to defendant Sharpe, "a judge of the 36th District Court . . . in her official capacity for injunctive relief only" (ECF No. 1, PageID.2) under § 1983. To start, judges are entitled to immunity for "acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction." *Shophar v. Gorski*, No. 17-13322, 2018 U.S. Dist. LEXIS 159113, at *14 (E.D. Mich. June 5, 2018); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 783–84 (6th Cir. 1999). Here, all of the actions that Buckley complains of were taken in connection with Judge Sharpe's adjudication of her eviction proceedings. (See ECF No. 1, PageID.3–4 (alleging that "[t]he writ of eviction issued and enforced during an active appeal and after a signed stay order constitutes an unlawful seizure of Plaintiff's property without legal justification" and "judicial acceptance of false evidence reflects a conspiracy").) And state district court judges clearly have jurisdiction over eviction proceedings. *See, e.g.,* Mich. Comp. Laws § 600.5704; Mich. Ct. R. 4.201.

Buckley also complains about Judge Sharpe's alleged violation of a stay order issued by the Wayne County Circuit Court. (ECF No. 1, PageID.2.) But "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "An action is within a judicial capacity if it

7

is normally performed by a judge." *Shophar*, 2018 U.S. Dist. LEXIS 159113, at *14. And, again, Judge Sharpe's conduct falls squarely within this realm.

Additionally, § 1983 "generally does not permit plaintiffs to seek injunctions against judges acting in their judicial capacity." *Orta v. Repp*, No. 23-3034, 2023 U.S. App. LEXIS 23388, at *9 (6th Cir. Sept. 1, 2023); *see Williams v. Parikh*, No. 24-3059, 2024 U.S. App. LEXIS 22602, at *4 (6th Cir. Sept. 4, 2024) (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)) (explaining that the *Ex parte Young* doctrine, i.e., the sovereign immunity exception that permits suits against state officials for prospective injunctive relief, "does not normally permit federal courts to issue injunctions against state-court judges"). Moreover, declaratory relief is available to Buckley through a direct appeal of Judge Sharpe's decision. *See Davis v. Campbell,* No. 13-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). And Buckley has already initiated an appeal to the Wayne County Circuit Court. *See All Occupants of 5564 Old Town, Chanice Buckley v. Ronald Farley Jr.*, No. 25-012908-AV (Mich. 3d Cir. Ct.). Thus, injunctive relief is not warranted here. *See Bridges v. Blackmon*, No. 23-3911, 2024 U.S. App. LEXIS 11334, at *3 (6th Cir. May 8, 2024) ("And although judicial immunity does not bar injunctive relief, such relief is not available against the judges because Bridges did not allege that 'a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)); *cf. Gilbert v. Ferry*, 401 F.3d 411, 414 n.1 (6th Cir. 2005).

Finally, Buckley's request for declaratory relief (ECF No. 1, PageID.4–5 (asking the Court to "[d]eclare that Defendants' conduct violated Plaintiff's constitutional rights under 42 U.S.C. § 1983" and "[d]eclare the affidavit submitted by Defendants to be procedurally defective and inadmissible"), does not save her complaint. The Declaratory Judgment Act only "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." *See One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008) (citing 28 U.S.C. § 2201(a)). The Act "does not provide an independent basis for jurisdiction." *Id*. The Court has dismissed each of Buckley's claims and thus lacks jurisdiction over any declaratory judgment claim—assuming she is even bringing one.

## IV.

For the reasons above, the Court GRANTS Buckley's application to proceed IFP (ECF No. 2) and DISMISSES her complaint (ECF No. 1).

SO ORDERED.

Dated: October 6, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE